Robert D. Kline, J. D.
2256 Fairview Road
McClure, PA 17841
570-658-3448
Plaintiff - pro se

| | | |
|---|---|---|
| Robert D. Kline, J. D. | ) | IN THE COURT OF COMMON PLEAS, SNYDER COUNTY, PA CIVIL ACTION - LAW NO. CV –588- 2016 |
| | ) | |
| | ) | |
| | ) | |
| PLAINTIFF | ) | |
| V. | ) | |
| | ) | |
| | ) | |
| United Power Consultants, Inc., | ) | |
| George Sarafianos & Cameron Weiss | ) | |
| | ) | |
| DEFENDANTS | ) | |

FILED

COPY

APR 2 1 2017

PROTHONOTARY AND CLERK OF COURTS
SNYDER COUNTY

## PLAINTIFF'S COMPLAINT

| | | |
|---|---|---|
| Robert D. Kline, J. D. | Cameron Weiss | George Sarafianos |
| 2256 Fairview Road | 2001 N. Fed. Hwy. #316 & 320 | 2001 N. Fed. Hwy. #316 & 320 |
| McClure, PA 17841 | Pompano Beach, FL 33062 | Pompano Beach, FL 33062 |
| Plaintiff | Defendant | Defendant |
| 570-658-3448 | 954-860-3855 | 713-377-9827 |

United Power Consultants, Inc. c/o
David A. Becker
1909 Tyler Street, 603
Hollywood, FL 33020
Defendant
713-377-9827

Robert D. Kline, J. D.                    )    IN THE COURT OF COMMON
                                          )    PLEAS, SNYDER COUNTY, PA
                                          )    CIVIL ACTION - LAW
                                          )    NO. CV –588- 2016
            PLAINTIFF                      )
                                          )
      V.                                  )
                                          )
                                          )
United Power Consultants, Inc.,           )    FILED
George Sarafianos & Cameron Weiss         )
                                          )    APR 21 2017
            DEFENDANTS                     PROTHONOTARY AND CLERK OF COURTS
                                                     SNYDER COUNTY

COPY

## NOTICE

      You have been sued in court.  If you wish to defend against the claims set
forth on the following pages, you must take action within twenty (20) days after
this Complaint and Notice are served, by entering a written appearance
personally or by attorney and filing in writing with the court your defenses or
objections to the claims set forth against you.  You are warned that, if you fail to
do so, the case may proceed without you and a judgment may be entered
against you by the court without further notice for any money claimed in the
Complaint or for any other claim or relief requested by the Plaintiff.  You may
loose money or property or other rights important to you.

      YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU
DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR
TELEPHONE THIS OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU
CAN GET LEGAL HELP.

                    COURT ADMINISTRATOR
                 SNYDER COUNTY COURTHOUSE
                      P. O. BOX 217
                   MIDDLEBURG, PA 17842
                      570-837-4359


By_____
            Robert D. Kline, J. D. - Plaintiff
            2256 Fairview Road
            McClure, PA 17841
            570-658-3448



Robert D. Kline, J. D.                )   IN THE COURT OF COMMON
                                      )   PLEAS, SNYDER COUNTY, PA
                                      )   CIVIL ACTION - LAW
                                      )   NO. CV – 588 - 2016
              PLAINTIFF               )
                                      )
V.                                    )
                                      )
                                      )
United Power Consultants, Inc.,       )
George Sarafianos & Cameron Weiss     )
                                      )
              DEFENDANTS              )

FILED

APR 2 1 2017

PROTHONOTARY AND CLERK OF COURTS,
SNYDER COUNTY

COPY

## PLAINTIFF'S COMPLAINT

1. Plaintiff, **Robert D. Kline, J. D.**, is an adult individual who at all times relevant herein has a residence at 2256 Fairview Road, McClure, PA 17841.

2. Plaintiff, upon information and belief, hereby alleges that at all times mentioned herein Defendant **United Power Consultants, Inc.** is registered to do business in Florida and has an office located at 2001 N. Federal Highway, #316 & 320, Pompano Beach, FL 33062 as well as other places in United States.

3. Plaintiff, upon information and belief, hereby alleges that at all times mentioned herein Defendant **George Sarafianos** is an adult individual who is President of Defendant United Power Consultants, Inc. and has an office located at 2001 N. Federal Highway, #316 & 320, Pompano Beach, FL 33062.

4. Plaintiff, upon information and belief, hereby alleges that at all times mentioned herein Defendant **Cameron Weiss** is an adult individual who is an agent/employee for Defendant United Power Consultants, Inc. and has an office located at 2001 N. Federal Highway, #316 & 320, Pompano Beach, FL 33062.

5. Plaintiff, upon information and belief, hereby alleges that at all times

mentioned herein United is a "person" as defined by 47 U. S. C. §153(39).

6.   Plaintiff believes and therefore avers that Defendants are engaged in, inter alia, offering various plans to customers to allegedly obtain lower electric bills by using illegal telemarketing techniques to call people on, inter alia, cell phones (phone) without their written expressed permission.

7.   Such activities are done in violation of 47 U.S.C. 227 et seq. which is commonly known as the Telephone Consumer Protection Act ("TCPA").

8.   The initial phone call placed by Defendants or their agents, subcontractors, employees as well as the subsequent phone call to Plaintiff utilized an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. §227 (a)(1)(A) and 47 U.S.C. §227 (a)(1)(B) without "opt out" capability as required by law.

9. Defendants' ATDS has the capacity to store, dial and produce telephone numbers to be called which uses a random or sequential number generator to make calls in violation of 47 U.S.C. §227 (b)(1)(iii).

10.   Plaintiff believes and therefore avers that, since Defendants George Sarafianos and Cameron Weiss support, supervise and manage the operation of Defendant United Power Consultants, Inc. which they know or should know regularly uses phone solicitation methods that employ ATDS machines, all of which they know are done without the written permission of the Plaintiff which are actions that are illegal under the TCPA.   Accordingly, by doing so they have knowingly acted outside the scope of their duties and committed or engaged in ultra vires activities that are not protected by the corporate veil of Defendant

United Power Consultants, Inc.

11. In the alternative Plaintiff believes and therefore avers that Defendant George Sarafianos has a supervisory relationship with his agents and subcontractors and that he therefore has vicarious liability for all their illegal acts committed within the scope of their employment.

12. Given the averments stated in Paragraph (10) above they assume liability in their individual capacity for all illegal actions that are pleaded in this Complaint.

13. Plaintiff avers that he is not a customer of any of the Defendants, and has never provided any personal information, including his telephone number, to any of the Defendants prior to the initial solicitation call made by them which is referenced and described herein; nor has Plaintiff purchased or used any goods or services offered by the Defendants.  Plaintiff further avers that he has never given his expressed written permission for Defendants to call him at any time prior to the filing of this Complaint.

14.   When Congress enacted the TCPA, they found, inter alia, that automated calls and prerecorded messages are a "nuisance," and an "invasion of privacy," and that the subscriber may have to pay for each call.

15. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision, rule or regulation."

16. Defendant's phone call constituted calls that were not for emergency purposes as illuminated in 47 U.S.C. §227 et seq.

17. The phone calls described herein that were generated by Defendants

and/or it agents to Plaintiff specifically violated 47 U. S. C. §227(b)(1)(A)(iii) and are ATDS telemarketing call.

## COUNT I - VIOLATION OF  47 U.S.C. 227 et seq.

18. Plaintiff incorporates by reference each proceeding and succeeding paragraph as though fully set forth herein.

19.   On December 13, 2016 at 1:25 PM Eastern Standard Time, Plaintiff answered his phone (570-658-3448) and he detected silence and then a electronic blip noise. After the blip a voice answered which was made by Defendants, their agents or servants from 713-377-9827 to the Plaintiff without his expressed written permission.

20.   In response to the call identified in Paragraph (19) above Plaintiff spoke to Defendant Cameron Weiss who said the call was from United Power Consultants, Inc. and he offered to the Plaintiff a plan to lower his electric bill.  He also requested information from his electric bill statement to be emailed to sales@unitedpowerconsultants.com.

21.   The call identified in Paragraph (19) above caused  injury in fact to the Plaintiff as he had to stop the job he was working on and handle his relatively clean phone with greasy hands all due to the Defendants violation of the TCPA.

22. Since calling the Plaintiff as described under Count I was a telemarketing call which was made without written expressed permission of Plaintiff and used ATDS equipment, Defendants have violated 47 U.S.C. 227 et seq. which entitles

the Plaintiff to statutory damages of $500.00.

23. Plaintiff believes and therefore avers, that the Defendants and their agents are sophisticated business organization and that, given the definition of "willful" as described in Paragraph (15), they have "knowingly and willfully" engaged telemarketing practices which are in violation of 47 U.S.C. 227 et seq., Plaintiff is therefore entitled to damages of $1500.00 as provided by the law referenced herein this paragraph.

WHEREFORE, PLAINTIFF demands judgment against Defendants in the amount of One Thousand Five Hundred Dollars ($1500.00) plus the costs of this action.

## COUNT II - TRESPASS TO CHATTELS

24. Plaintiff incorporates by reference each proceeding and succeeding paragraph as though fully set forth herein.

25. Plaintiff pays money to AT&T for the cell phone service and various calls he makes or receives ("his calling plan") and, therefore, his calling plan for all purposes herein is his personal property.

26. The phone call which is identified and described in Count I herein was made illegally by or through Defendants to Plaintiff and was unwanted and unsolicited by Plaintiff and thus it illegally consumed minutes from his calling plan.

27. Since said phone service described above is for all purposes herein

Plaintiff's personal property to use as he sees fit and Defendants' call to Plaintiff was made without his permission which affected his calling plan, the Defendants are liable for trespass to chattels.

28. Since Plaintiff has had his property damaged by Defendants he is entitled to seek money damages from Defendants in the amount of One Dollar ($1.00).

WHEREFORE, PLAINTIFF demands judgment against Defendants in the amount of One Dollar ($1.00) plus the costs of this action.

## COUNT III – INVASION OF PRIVACY

29. All preceding and succeeding paragraphs are hereby incorporated as though fully pleaded herein.

30. Defendants do not have an opt out mechanism or an "in house" do not call list which are both violations of Federal law which manifests their outrageous behavior when the totality of the circumstances of their operation are considered.

31. Defendants are a sophisticated telemarketing organization that acts volitionally, plays the odds, ignores the rights of the Plaintiff as well as others and seems to be undeterred despite having been in violation of the law in numerous ways.

32. Given the averments pleaded in this suit, as well as Plaintiff's attempts to avoid telemarketers, Plaintiff considers the methods of conducting business, as well as other actions of the Defendants that are described herein to be outrageous and highly offensive which caused the Plaintiff anxiety, mental

distress as well as loss of joy of life.

33. Defendants, by engaging in the behaviors described herein especially in light of the obvious efforts the Plaintiff has made to protect his phone privacy as well as the legislation enacted by Congress, have thereby manifested intentional, wanton, reckless conduct that exceeds the limits of gross negligence which would absolutely be highly offensive to a reasonable person and constitutes invasion of privacy.

WHEREFORE Plaintiff demands damages in the amount of Twenty Five Hundred Dollars ($2,500.00) against Defendants plus the costs of this action.

## COUNT IV - VIOLATION OF 47 U.S.C. 227 et seq.

34. Plaintiff incorporates by reference each proceeding and succeeding paragraph as though fully set forth herein.

35. On April 19, 2017 at 1:50 PM Eastern Standard Time, Plaintiff answered his cell phone (570-658-3448) and he detected silence and then a electronic blip noise. After the blip a female voice answered which was made by Defendants' agents or servants from 713-377-9827 to the Plaintiff without his expressed written permission.

36. In response to the call identified in Paragraph (35) above Plaintiff spoke to a female agent who identified herself as Daniel and said the call was from United Power Consultants, Inc.  She stated she was calling from Florida and provided her phone number as 800-738-6159 ext. 2027.

37.   Daniel offered to the Plaintiff a plan to lower his electric bill.  She also requested information from his electric bill statement to be emailed to sales@unitedpowerconsultants.com.

38.   The call identified in Paragraph (35) above caused  injury in fact to the Plaintiff as he had to stop the job he was working on and run inside a building to obtain better phone reception all due to the Defendants violation of the TCPA.

39.   Since calling the Plaintiff as described under Count IV was a telemarketing call which was made without written expressed permission of Plaintiff and used  ATDS equipment, Defendants have violated 47 U.S.C. 227 et seq. which entitles the Plaintiff to statutory damages of $500.00.

40.  Plaintiff believes and therefore avers, that the Defendants and their agents are sophisticated business organization and that, given the definition of "willful" as described in Paragraph (13), they have "knowingly and willfully" engaged telemarketing practices which are in violation of 47 U.S.C. 227 et seq., Plaintiff is therefore entitled to damages of $1500.00 as provided by the law referenced herein this paragraph.

WHEREFORE, PLAINTIFF demands judgment against Defendants in the amount of One Thousand Five Hundred Dollars ($1500.00) plus the costs of this action.

COUNT V - TRESPASS TO CHATTELS

41.  Plaintiff incorporates by reference each proceeding and succeeding paragraph as though fully set forth herein.

42.  Plaintiff pays money to AT&T for the cell phone service and various calls he makes or receives ("his calling plan")  and, therefore, his calling plan for all purposes herein is his personal property.

43. The phone call which is identified and described in Count IV herein was made illegally by or through Defendants to Plaintiff and was unwanted and unsolicited by Plaintiff and thus it illegally consumed minutes from his calling plan.

44. Since said phone service described above is for all purposes herein Plaintiff's personal property to use as he sees fit and Defendants' call to Plaintiff was made without his permission which affected his calling plan, the Defendants are liable for trespass to chattels.

45. Since Plaintiff has had his property damaged by Defendants he is entitled to seek money damages from Defendants in the amount of One Dollar ($1.00).

WHEREFORE, PLAINTIFF demands judgment against Defendants in the amount of One Dollar ($1.00) plus the costs of this action.

## COUNT VI – INVASION OF PRIVACY

47. All preceding and succeeding paragraphs are hereby incorporated as though fully pleaded herein.

48.  Defendants do not have an opt out mechanism or an "in house" do not call list which are both violations of Federal law which manifests their outrageous behavior when the totality of the circumstances of their operation are considered.

49. Defendants are a sophisticated telemarketing organization that acts volitionally, plays the odds, ignores the rights of the Plaintiff as well as others and seems to be undeterred despite having been in violation of the law in numerous ways.

50. Given the averments pleaded in this suit, as well as Plaintiff's attempts to avoid telemarketers, Plaintiff considers the methods of conducting business as other actions of the Defendants that are described herein to be outrageous and highly offensive which caused the Plaintiff anxiety, mental distress as well as loss of joy of life.

51. Defendants, by engaging in the behaviors described herein, especially in light of the obvious efforts the Plaintiff has made to protect his phone privacy as well as the legislation enacted by Congress, have thereby manifested intentional, wanton, reckless conduct that exceeds the limits of gross negligence which would absolutely be highly offensive to a reasonable person and constitutes invasion of privacy.

WHEREFORE Plaintiff demands damages in the amount of Twenty Five Hundred Dollars ($2,500.00) against Defendants plus the costs of this action.

## COUNT VII – VIOLATION OF 47 U.S.C. 227(c)(5)
## FEDERAL DO NOT CALL REGISTRY

52. All preceding and succeeding paragraphs are hereby incorporated as though fully pleaded herein.

53.   Plaintiff is registered on the Federal "Do Not Call Registry" which Defendants are easily able to obtain notice of.

54.   Defendants have ignored Plaintiff's rights and protections of the above referenced registry by calling him two times within a 12 month period for which they are liable for damages.

55.   Consistent with the provisions of the TCPA Plaintiff seeks damages in the amount of $1500.00 for each call referenced herein which were made to Plaintiff that now total $3000.00.

WHEREFORE, Plaintiff demands Three Thousand Dollars ($3000.00) plus the costs of this action for violations of the law referenced herein this Count VII.

Respectfully submitted,

Robert D. Kline, J. D.
2256 Fairview Road
McClure, PA 17841
Plaintiff pro se
570-658-3448

April 21, 2017

## VERIFICATION

The undersigned verifies that the statements he made in the foregoing Plaintiff's Complaint are true and correct to the best of his knowledge, information and belief and I understands that statements made there are subject penalties of 18 Pa. C. S. A. § 4904 relating to unsworn falsification to authorities.

Robert D. Kline, J. D. - Plaintiff
2256 Fairview Road
McClure, PA 17841
570-658-3448

April 21, 2017

---------------------------------------------------------------------------------------

## CERTIFICATE OF SERVICE

On April 21, 2017 the Plaintiff has caused a copy of Plaintiff's Complaint to be served on the defendants by US Mail, postage paid addressed as follows:

United Power Consultants, Inc.
2001 N. Federal Highway #316 & 320
Pompano Beach, FL 33062

George Sarafianos
2001 N. Federal Highway #316 & 320
Pompano Beach, FL 33062

Cameron Weiss
2001 N. Federal Highway #316 & 320
Pompano Beach, FL 33062

United Power Consultants, Inc. c/o
David A. Becker
1909 Tyler Street, 603
Hollywood, FL 33020

Robert D. Kline, J. D. - Plaintiff
2256 Fairview Road
McClure, PA 17841
570-658-3448



**FILED**

JAN 3 1 2017

PROTHONOTARY AND CLERK OF COURTS
SNYDER COUNTY

| | | |
|---|---|---|
| ROBERT D. KLINE, | : | IN THE COURT OF COMMON PLEAS |
| Plaintiff | : | OF THE 17TH JUDICIAL DISTRICT |
| | : | OF PENNSYLVANIA |
| vs. | : | SNYDER COUNTY BRANCH |
| | : | |
| UNITED POWER CONSULTANTS, INC. , | : | CIVIL ACTION - LAW |
| GEORGE SARAFIANOS and | : | NO.  CV-588-2016 |
| CAMERON WEISS, | : | |
| Defendants | : | |

## STATUS CONFERENCE ORDER

**AND NOW**, January 31, 2017, the Court **ORDERS** that the above captioned case is scheduled for a status conference with the Court on **May 22, 2017 at 3:00 o'clock p.m.** in the Courtroom of the Snyder County Courthouse, 9 West Market Street, Middleburg, Pennsylvania, **at which time the attorneys for the parties and any unrepresented party shall appear in person.**

BY THE COURT:

*Michael T. Hudock*
MICHAEL T. HUDOCK, P.J.

cc:  – Plaintiff
      – Defendants     1ˢᵗ Class mail
      Court Administration
      Administrative Assistant
      2/1/17 – CC dept



COPY

FILED

MAY 1 7 2017

PROTHONOTARY AND CLERK OF COURTS
SNYDER COUNTY

Ethan K. Stone, Esquire
PA Attorney ID#: 205458
LAW OFFICES OF ETHAN K. STONE, LLC
3400 Trindle Road
Camp Hill, Pennsylvania 17011
Telephone: (717) 220-3529
Facsimile: (717) 473-7052
EStone@EthanKStone.com
(Counsel for Defendants)

## IN THE COURT OF COMMON PLEAS OF SNYDER COUNTY, PENNSYLVANIA, CIVIL DIVISION

| | | |
|---|---|---|
| ROBERT D. KLINE, J.D., | : | No. 588-2016 |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION  -  LAW |
| vs. | : | |
| | : | |
| UNITED POWER CONSULTANTS, INC., | : | |
| GEORGE SARAFIANOS, AND | : | |
| CAMERON WEISS, | : | Jury Trial Demanded |
| | : | |
| Defendants. | : | |

## PRAECIPE FOR ENTRY OF APPEARANCE

United Power Consultants, Inc.,            Robert D. Kline, J.D.
George Sarafianos, and Cameron Weiss       2256 Fairview Road
(Defendants)                               McClure, PA 17841
Ethan K. Stone, Esquire                    570-658-3448
Law Offices of Ethan K. Stone, LLC         (Pro Se Plaintiff)
3400 Trindle Road
Camp Hill, Pennsylvania 17011
Telephone: (717) 220-3529
(Counsel for Defendants)

FILED

MAY 1 7 2017

PROTHONOTARY AND CLERK OF COURTS
SNYDER COUNTY

## IN THE COURT OF COMMON PLEAS OF SNYDER COUNTY, PENNSYLVANIA,
### CIVIL DIVISION

| | | |
|---|---|---|
| ROBERT D. KLINE, J.D., | : | No. 588-2016 |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION - LAW |
| vs. | : | |
| | : | |
| UNITED POWER CONSULTANTS, INC., | : | |
| GEORGE SARAFIANOS, AND | : | |
| CAMERON WEISS, | : | Jury Trial Demanded |
| | : | |
| Defendants. | : | |

### PRAECIPE FOR ENTRY OF APPEARANCE

Please enter the appearance of Ethan K. Stone, Esquire as attorney for United Power
Consultants, Inc., George Sarafianos, and Cameron Weiss in the above matter.

LAW OFFICES OF ETHAN K. STONE LLC

Date: 5/10/17          BY: _____
                       Ethan K. Stone, Esq.
                       I.D. #205458
                       3400 Trindle Road
                       Camp Hill, Pennsylvania 17011
                       Telephone: (717) 220-3529
                       Fax: (717) 473-7052
                       Email: estone@ethankstone.com
                       Attorneys for Defendants

## IN THE COURT OF COMMON PLEAS OF SNYDER COUNTY, PENNSYLVANIA,
## CIVIL DIVISION

ROBERT D. KLINE, J.D.,        :     No. 588-2016

                Plaintiff,   :

                        :     CIVIL ACTION - LAW

    vs.              :

UNITED POWER CONSULTANTS, INC., :
GEORGE SARAFIANOS, AND    :
CAMERON WEISS,          :     Jury Trial Demanded

                        :

          Defendants.  :

**FILED**

MAY 1 7 2017

PROTHONOTARY AND ~~~~~~ F COURTS
SNYDER COUNTY

### CERTIFICATE OF SERVICE

    I, Ethan K. Stone, Esq., of the Law Offices of Ethan K. Stone, LLC, attorneys for Plaintiff, do hereby certify that I am this day serving a copy of the foregoing Praecipe for Entry of Appearance upon Plaintiff in the following manner.

### Regular First Class Mail

Robert D. Kline, J.D.
2256 Fairview Road
McClure, PA 17841
570-658-3448
(Pro Se Plaintiff)

                            LAW OFFICES OF ETHAN K. STONE, LLC

5/10/17
_____
Dated

                          Ethan K. Stone, Esquire
                          I.D. #205458
                          Attorney for Plaintiff
                          3400 Trindle Road
                          Camp Hill, Pennsylvania 17011
                          717-220-3529

Robert D. Kline, J. D.         )   IN THE COURT OF COMMON
                                     )   PLEAS, SNYDER COUNTY, PA
                                     )   CIVIL ACTION - LAW
                                     )   NO. CV – 588 - 2016
          PLAINTIFF        )
V.                              )
                                     )
                                     )
United Power Consultants, Inc.,  )
George Sarafianos & Cameron Weiss  )
                                     )
        DEFENDANTS     )

## PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED
## TO DEFENDANT GEORGE SARAFIANOS

     Plaintiff, **Robert D. Kline** (hereinafter Plaintiff), hereby requests that Defendant, **George Sarafianos** (hereinafter Defendant) respond to the following interrogatories requests. Documents should be copied and sent to Plaintiff on the date the response is due.

     These Interrogatories and Requests to Produce are submitted pursuant to the Pennsylvania Rules of Civil Procedure and the information sought must be given under oath, whether secured by you, your agent, representative or attorney or any person who has made this knowledge known to you or from whom you can get this knowledge and who is competent to testify to the facts stated; the answers must be served upon the undersigned Plaintiff, within thirty (30) days from the date that these Interrogatories are served upon you. These Interrogatories shall be deemed continuing; supplemental answers are required to be served immediately upon your receipt, directly or indirectly, of further or different, information from the answers originally served pursuant thereto until the time of trial.

## Definitions

     As used herein, the word "document" or "record" shall have its customary broad meaning and shall include, without limitation, the following items, whether printed, recorded or reproduced by any other mechanical process or written or produced by hand, and whether or not claimed to be privileged against discovery on any ground: agreements, communications, letters, telegrams, telexes, memoranda, notebooks, summaries or records of telephone conversations and billings, summaries or records of personal conversations or interviews, diaries, calendars, billing records, statistical statements, graphs, correspondence, laboratory and engineering reports and notebooks, manuals, specifications, purchase orders, order acknowledgments, work orders, requests for quotations,

quotations, instructions, charts, plans, drawings, minutes or records of meetings, minutes or records of conferences, expressions or statements of policy, lists of persons attending meetings or conferences, reports and/or summaries of investigations, opinions or reports of consultants, notes, opinions of counsel, records, reports of summaries of negotiations, photographs, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of any documents, original or preliminary notes, marginal comments appearing on any document, stenographic notes, any voice recordings whether on a tape or a record, pleadings, time sheets and/or other records of work performed on behalf of clients.

When the **identification of any document or record is requested**, you are to state the following: (1) the type of document (e.g., letter, telex, email, etc.); (2) date; (3) the identity of the author addressor; (4) the identity of the addressee; (5) the identity of the recipient of all copies; (6) the present location of the documents; (7) the identity of the person presently in custody, control or possession thereof; (8) a summary of its contents; (9) whether you will produce it for inspection and a copy.  In lieu of such identification, you may furnish such documents for inspection and copying at the time you file your answers to these Interrogatories.

In lieu of the foregoing, you may identify a document by attaching a copy of the document or record to your Answers to Interrogatories and labeling/marking the same with its respective Interrogatory number.

When the **identification of any person** is requested herein, give the following: (1) the name, (2) job title; (3) current address; (4) current telephone number; (5) employer, if any; (6) employer's current address; (7) employer's current telephone number.

"Possession or Control" shall mean in the possession or control of Defendant and/or its agents, attorneys, or from any other person from whom they might obtain the requested information and documents.

When requested to identify an incident, fact, circumstance or the factual basis for any answer, identify each occurrence, incident and fact upon which reliance will be based at any trial or hearing of this action to support such answer, including:

The date thereof.

The place thereof.

The substance and detail of each occurrence, incident or fact.

The identification of each person who participated therein or has

knowledge thereof.

The identification of each person present.

The source of your knowledge thereof.

The identification of any document supporting such answer.

When requested to **identify a conversation**, state the date and place thereof, the names of all persons present, the device by which the conversation was accomplished, if not in person (i.e., a telephone), and the substance of the conversation.

**The word "any"** shall include the collective as well as the singular and shall mean "each," "all" and "every" and these terms shall be interchangeable. As used herein, the singular shall be deemed to include the plural and the plural shall be deemed to include the singular. Words of one gender shall be deemed to include words of all genders, including the neuter.

"Between" means that when a request is made for information related to an occurrence "between" two dates the request seeks information for the period including the years or dates designated.

"Objections". In the event any Interrogatory, in whole or in part, is objected to, please state the legal basis, including, but not limited to, any legal objections or privilege (produce the privilege log), for withholding the information sought.

"Defendant" "you" and "your" shall mean **George Sarafianos** and/or any of its employees, representatives, agents, accountants/investigators, attorneys, subsidiaries, lessees, sureties and/or any other person, firm, corporation or governmental body which is in possession of such information in the Interrogatory or which may have obtained information for them on their behalf.

"SAN" means Subscription Account Number which is a license number given the FCC to scrub consumer data against the national do not call registry/list.
"TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. 227 et seq., with all amendments.
"FCC" means the Federal Communications Commission.
"ATDS" refers to Automatic Telephone Dialing Systems as defined by the TCPA and FCC.
"DNC" means "Do-Not-Call" and refers to the national registry/list maintained by the federal government which consumers who do not want unsolicited telemarketing calls may register, and which telemarketers are required to cross verify numbers it intends to call on a monthly basis.

"Internal" DNC refers to private and internal lists which telemarketers are required to maintain within their business and update internally when consumers request them to stop calling.

"SAN scrub" means the process of removing numbers from telemarketing call lists that appear on the most recent national do-not-call list.

"DBA" means "doing business as" or a name of your business that you use and communicate to your customers or prospective customers that might differ from the corporate name.

"CRM program" means your customer relationship management program used in capturing and maintaining client information and sales notes.

"CL programmer" means Control Language that is used to program IBM based servers namely PBX servers.

"PBX server" means a telephone main switchboard system that acts as a router for all phone calls both inbound and outbound.

"Virtual PBX VOIP (voice over internet protocol) system" means a digital based PBX based system that shares the same functionality.

"VOIP gateway" means voice over internet protocol gateway system that allows the conversion of analog telephone audio signal to digital binary.

"IVR system" means interactive voice recording system used as prerecorded phone greetings typically used in interacting consumers in volume with no human intervention.

"Automated dialer(s)" means telephone equipment that has the capacity to store or produce telephone numbers to be called using a random or sequential number generator and/or dialing calls without human intervention.

"Predictive dialer" means software that allows a party to initiate phone calls while telemarketers are talking to other consumers and includes a telephone control system that automatically calls a list of telephone numbers in sequence, screening out no-answers, busy signals, answering machines and disconnected numbers while predicting at what point a human caller will be able to handle the next call.

"Automatic telephone dialing system(s)" (ATDS) means telephone equipment that has the capacity to store or produce telephone numbers to be called using a random or sequential number generator and/or dialing calls without human intervention.

"Cloud based" means a remote server in which a program or data can be stored and accessed via the internet.

"Established Business Relationship" means a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a residential subscriber with or without an exchange of consideration, on the basis of the subscriber's purchase or transaction with the entity within the eighteen (18) months immediately preceding the date of the telephone call or on the basis of the subscriber's inquiry or application regarding products or services offered by the entity within the three months immediately preceding the date of the call, which relationship has not been previously terminated by either party.

"Telephone solicitation" means a telephone call or message initiated by you for the purpose of encouraging the purchase or rental of, or investment in,

property, goods, or services.

"Plaintiff's telephone number(s)" means Plaintiff's cellular number(s) 570-658-3448

## Interrogatories

For each individual person, officer, employee, agent, or other entity answering or providing any information used by Defendant, Defendant is required to provide all of the following:

First, last, and middle legal name,

All DBA, fake, or alias name(s) used by this person,

Job title, position with Defendant or capacity on behalf of Defendant,

Business address and telephone number,

Home address and telephone number,

Age,

ANSWER:

1.  Please state whether the name of the Defendant is properly set forth in the caption and if not please state the legal name as well as the address of any additional defendant business which is liable for the acts alleged in the complaint and /or which owns the assumed name of the business defendant named in the caption.
ANSWER:

2.  State the name, most current home address, title, and job description of each person (including present or former officers and/or employees) who were involved with any telephone call which Defendant made to the Plaintiff or in connection with the Plaintiff.
ANSWER:

3.  Identify all machines by make, model, supporting systems including the hardware and software that were used to make any telephone call in connection with Plaintiff including but not limited to, Plaintiff's telephone number(s) described in Paragraph #33 of definitions above.
ANSWER:

4. State the name, employer, most current home address, title and job description of each person (including present or former third parties, officers and/or employees) who is responsible for creating, maintaining and monitoring the Defendant's telephony systems and operations, and state specifically what that person's duties are with respect to his position.
ANSWER:

5. Explain in detail how Defendant obtained Plaintiff's phone number(s).
ANSWER:

Identify and provide a detailed description explaining all of Defendant's policies, practices and procedures regarding the use of Defendant's telephone systems including but not limited to Defendant's ATDS and the complete history of each including the date it was first considered, the date it was implemented, all persons involved in its consideration, development, implementation and, if applicable, termination, for the past five years.
ANSWER:

6.   Identify and explain all policies, practices and procedures regarding calls made by Defendant to cellular telephones and the complete history of each. Please include a detailed description of the policy, practices or procedures including the date it was first considered, the date it was implemented, all persons involved in its consideration, development, implementation and, if applicable, termination for the past five years.
ANSWER:

7.   Identify and explain all policies, practices and procedures regarding calls made by Defendant to wireline telephones and the complete history of each. Please include a detailed description of the policy, practices or procedures including the date it was first considered, the date it was implemented, all persons involved in its consideration, development, implementation and, if applicable, termination for the past five years.
ANSWER:

8.   Describe all document destruction and retention policies of Defendant.
ANSWER:

9. State whether you have ever taken any measures or action in attempting to identify whether any telephone number to be called by Defendant was a cellular telephone number. If so, please identify with specificity what measure(s) or actions you took, who took the measure(s) or actions, any third party involved, why the measure or action was taken and what resulted from the measures or actions. If no action was taken, please explain why not.
ANSWER:

10. State whether you have ever taken any measures or action in attempting to identify whether Plaintiff's telephone number was registered on the national DNC. If so, please identify with specificity what measure(s) or actions you took, who took the measure(s) or actions, any third party involved, why the measure or action was taken and what resulted from the measures or actions. If no action was taken, please explain why not.
ANSWER:

11.  State what Defendant's policies and procedures are regarding any measures and action which Defendant takes to verify phone numbers which it intends to call are not registered on the national DNC.

ANSWER:

12.  State whether you have ever taken any measures or action in attempting to identify whether any telephone number to be called by Defendant was registered on its own internal DNC. If so, please identify with specificity what measure(s) or actions you took, who took the measure(s) or actions, any third party involved, why the measure or action was taken and what resulted from the measures or actions. If no action was taken, please explain why not.

ANSWER:

13.   Please provide names of all sales associates/telemarketers involved with calling the Plaintiff:

Date of birth;

Prior work experience;

Business address of the call center from where the call originated,

Address of the location where the sales associate was physically located during the call,

How long with the company.
ANSWER:

14.  Provide the company's SAN number:
ANSWER:

15.  Provide the last six dates of the Defendant's most recent update/SAN scrubs made with the national DNC:
ANSWER:

16.  Provide the last six dates of the Defendant's most recent update/SAN scrub made with the Defendant's internal DNC:
ANSWER:

17.  Provide the company's TAX ID number:
ANSWER:

18.  Provide the company's list of DBA names:
ANSWER:

19.   Provide a line by line description and explanation of all activity which Defendant recorded in computer screen shots and electronic notes taken by your sales associates during any communications with the plaintiff or which in any way reference the Plaintiff and include all dates and times:
ANSWER:

20.   Describe the manner/process in which Defendant contacts prospect/marketing leads from the Defendant's first point of contact with the prospect/marketing leads:
ANSWER:

21.   State the name of your company's CRM program used to document, organize and track potential prospect/marketing leads:
ANSWER:

22.   If Defendant does not use a CRM program then please identify the software program its uses and describe how call notes to and from prospect/marketing leads are documented.
ANSWER:

23.    Please describe how potential prospects/leads are generated within Defendant's company:
ANSWER:

24.  Provide names, addresses and telephone numbers of  all outsourced/Third party lead companies which Defendant uses to generate marketing leads/prospects for your company:
ANSWER:

25.  State the manner in which Defendant secures authorization/written consent to call prospect/marketing leads:
ANSWER:

26.  State whether or not, Defendant uses "automated dialers" and/or "predictive dialers" to contact prospect/marketing leads:
ANSWER:

27.  Identify by make and model which equipment and software Defendant uses to make up its "automated dialers" and/or "predictive dialers" to contact prospect/marketing leads:
ANSWER:

28.  Does Defendant use telephone equipment which has the capacity to store or produce pre-determined,  random or sequential telephone numbers and or to dial such numbers to contact marketing leads/ prospects:
ANSWER:

29.  Does Defendant use telephone equipment which requires its employees to manually dial prospective marketing lead phone numbers:
ANSWER:

30.  Did the Defendant use telephone equipment which required its employees to manually dial prospective marketing lead phone numbers at the time Defendant placed calls to the Plaintiff:
ANSWER:

31. Did the Defendant, by and through its employees and/or agents manually dial phone calls to the Plaintiff:
ANSWER:

32. What is Defendant's abandonment and withdraw rates associated with Defendant's automated dialing system and unanswered calls by its telemarketers after the consumer / subscriber picks up:
ANSWER:

33. How many telemarketer sales associates does the Defendant employ:
ANSWER:

34.  How many clerical employees  does the Defendant employ:
ANSWER:

35.   Does the defendant employ Telecommuters (employees who engage in telemarketing calls from home):
ANSWER:

36.   How many telecommuters does the defendant employ:
ANSWER:

37.  How many separate business locations/call centers does the Defendant use for its telemarketing/sales operations:
ANSWER:

38.  Provide the city, state, street address and zip code for all of Defendant's call centers:
ANSWER:

39.  Please state your sales manager(s) names of the call centers you mentioned above:
ANSWER:

40.  How many sales associates work for your company in each call center location:
ANSWER:

41.  Has Defendant ever used ATDS and/or predictive dialers, if so, please state when and where:
ANSWER:

42.  Please state all internet service providers currently used by Defendant:
ANSWER:

**43.  Please state all internet service providers used by Defendant in the past five years:**
ANSWER:

**44. Please state the names and positions of all your employees that work in your IT department and what their roles and responsibilities are:**
ANSWER:

45.  Please state your web developer's company name, address, and telephone number if Defendant's website was developed by a third party outsourced company:
ANSWER:

46.  If Defendant's website was developed in house please state the names of all CL programmers:
ANSWER:

47.   Please provide the name of your control panel back office program that is used for your website:
ANSWER:

48.   Describe the process and the transition flow of how a marketing lead is initially inputted into Defendant's website and how that information flows to the telemarketing sales associate's station.
ANSWER:

49.   Explain the Defendant's process and procedure for verifying that all the telephone numbers obtained through its website were inputted  accurately :
ANSWER:

50.   Explain the Defendant's process and procedure for verifying that all the telephone numbers obtained through its website are not registered with the national do not call list:
ANSWER:

51.  Please state if your company uses a PBX Server: If so, please state the name and model number:
ANSWER:

52.  Please state if your PBX server is in-house, Cloud based, or maintained by a third party service provider:
ANSWER:

53.  Please state if Defendant uses a VoIP Gateway. If so, please state the name and model number:
ANSWER:

54.  Please state whether the Defendant is currently using or has ever used an IVR system. If so, please state the name and model number and the dates of use:
ANSWER:

55.  Please state whether the  Defendant is currently using or has ever used an X-Lite: If so, please state the name and model number:
ANSWER:

56.  Please state if Defendant is currently using or has ever used a Silverlight: If so, please state the name and model number:
ANSWER:

57.   What back up system does Defendant use for storing telemarketing note files?

For Defendant's Server:

For Defendant's filing cabinet:

ANSWER:

58.   Please state if Defendant ever used any other Virtual VoIP system: If so, please state the name and model number:
ANSWER:

59.   Please state if Defendant ever received any judgments against its company: If so, please state them along with date, reason for judgment and amount of the judgment.
ANSWER:

60.   Identify each document referred to or consulted by Defendant in the preparation of the Answers to these Interrogatories and discovery requests made within this entire document.
ANSWER:

61.   Identify all persons known to Defendant to have personal knowledge of any facts or issues involved in this lawsuit, state the following:

First, last, and middle legal name;

All DBAs, fake, or alias name(s) used by this person;

Job title or capacity;

Business address and telephone number;

Home address and telephone number;

Age;
ANSWER:

62.  Identify and describe with particularity all training that Defendant provides or receives, in the area of telemarketing calls activities, including but not limited to:

The training content, timing, and duration;

All documents and audio or visual materials used in such training; and

Each person involved in providing such training.

Identify and describe all documents, manuals, instructions, checklists, memorandum, restrictions or other documentation or instructions that Defendant is given, read, review, or otherwise use, regarding the business of making telemarketing calls.
ANSWER:

63.   Identify and describe Defendant's disciplinary policy/policies for violating state and federal telemarketing call laws, and for violating other state or federal laws in the course of making telemarketing calls of any kind.
ANSWER:

64.   Identify and describe any and all documents that describe, record, or establish Defendant's methods and techniques used to make telemarketing calls.
ANSWER:

65.   Identify and describe fully any and all computerized, mechanical, manual, or other system(s) that Defendants use, maintain, or operate to record any and all mail, telephone, in-person, or other forms of communications, or attempted communications, with persons or other third parties (including vendors supplying information on plaintiff / consumers) in connection with its telemarketing business, and Defendants' policies and procedures for operating such a system of records.
ANSWER:

66. Identify whether Defendant electronically records, or tape records, telephone calls by any means with any persons from whom they are speaking with on a telemarketing call, and what steps are taken to preserve these recordings, identifying specifically whether or not any or all of the Defendants recorded any telephone call with the Plaintiff and whether or not these recordings have been preserved, and the current location and/or disposition of these recordings.
ANSWER:

67.   In the form of a chronology, identify and describe in detail and with particularity, the process, events, and circumstances under which the Plaintiff's telephone number(s) was obtained, referred, placed or otherwise assigned to the Defendants, identifying all documents relevant to, related to, or reflecting such referral, placement or assignment.
ANSWER:

68. State the name, address, telephone number, title, place of employment and field of expertise of each person whom Defendants intend to call as an expert witness at a trial of this case, identifying:

The subject matter on which the expert is expected to testify;

The substance of the facts and opinions to which the expert is expected to testify;

A summary of the grounds for each opinion the expert is expected to testify; and

All documents, treatises, books, studies, or other materials upon which the expert may rely for information or support of facts and opinions.

The expert's current curriculum vitae or résumé.
ANSWER:

69.    Identify by name, position, home address, home telephone number, business address, business telephone number, all witnesses that Defendants intend to call or may call to testify at trial, and provide a detailed summary of the expected testimony of each such person.
ANSWER:

70.  Identify the business name, address, and telephone number of all persons, companies, corporations, or other entities who provided local or long distance telephone services of any kind to Defendants' business, as well as identifying the telephone numbers and account numbers for each such local and long distance service provider, for a period of five (5) YEARS before the date of this request to the present, including all local or long distance telephone number used by Defendants in the collection of Plaintiff's account, for a period of five (5) YEARS before the date of this request to the present.
ANSWER:

71.  Identify the business name, address, and telephone number of all persons, companies, corporations, or other entities who provided predictive dialing, auto-dialing, robotic-dialing, automated-messaging, text-messaging, emailing, or similar services of any kind to Defendants' business, as well as identifying the telephone numbers and account numbers for each such service provider, for a period of five (5) YEARS before the date of this request to the present.
ANSWER:

72.    Identify all documents, reports, spreadsheets, or other data of any kind summarizing, detailing, or tracking the telephone number, quantity, frequency, date, time and/or instance of any attempt by Defendant(s) to contact Plaintiff(s) by telephone or otherwise, along with the physical location and identify and telephone number of the custodian of such records, regardless of whether or not such attempted or successful contact was initiated by Defendant(s) or other service providers.
ANSWER:

73.    Identify the business name, address, and telephone number of all persons, companies, corporations, or other entities who provided skip-tracing, location, or similar services of any kind to Defendants' business, as well as identifying the telephone numbers and account numbers for each such service provider, for a period of five (5) YEARS before the date of this request to the present.
ANSWER:

74.    Identify each document referred to or consulted by Defendant in the preparation of the Answers to these Interrogatories and discovery requests made within this entire document.
ANSWER:

75.    Identify the full legal name, driver license number, last known address, telephone number, position, and title of all current and former employees of Defendants who were in anyway involved in the Defendant's telemarketing calls to Plaintiff  for a period of five (5) before the date of this request through the present.
ANSWER:

76.   Identify all lawsuits and other legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, Better Business Bureau, Commerce Department, or other regulatory complaints brought against Defendants at any time arising out its telemarketing activities, and for any reason, in the period five (5) before the date of this request to the present, by supplying the correct legal caption, the court file number, the jurisdiction, the date of filing, and the final disposition or current status, the name(s) of the complaining party, the file number, the jurisdiction, the date of filing, and the final disposition or current status of the claim, complaint or proceeding.
ANSWER:

77.   Name and describe all duties of managing officers, employees and agents responsible for the corporate Defendant's TCPA compliance policies and procedures including procedures in place for addressing consumer's revocation of consent to call consumer's phone number from Defendant's in house ATDS and/or the defendant's third party auto dialer vendor.
ANSWER:

78.   Identify what insurance policies and dollar amounts are available to insure the incidents alleged in the complaint.
ANSWER:

Dated:  May 16, 2017

By: Robert D. Kline, J.D. - Plaintiff
2256 Fairview Road
McClure, PA 17841
570-658-3448

## VERIFICATION

I, George Sarafianos, defendant in the above captioned action hereby verify that the statements made in response to Plaintiff's First Set of Interrogatories Directed to Defendant George Sarafianos are true and correct to the best of my knowledge, information and belief.

I understand that false statements made herein are subject to the penalties of 18 Pa. C.S 4904 relating to  unsworn falsification to authorities.

_____

George Sarafianos

Current address      _____

_____

Current phone number   _____

| Robert D. Kline, J. D. | ) | IN THE COURT OF COMMON |
|---|---|---|
| | ) | PLEAS, SNYDER COUNTY, PA |
| | ) | CIVIL ACTION - LAW |
| | ) | NO. CV – 588 - 2016 |
| PLAINTIFF | ) | |
| V. | ) | |
| | ) | |
| | ) | |
| United Power Consultants, Inc., | ) | |
| George Sarafianos & Cameron Weiss | ) | |
| | ) | |
| DEFENDANTS | ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED
## TO DEFENDANT UNITED POWER CONSULTANTS, INC.

Plaintiff, **Robert D. Kline** (hereinafter Plaintiff), hereby requests that Defendant, United Power Consultants (hereinafter Defendant) respond to the following interrogatories requests. Documents should be copied and sent to Plaintiff on the date the response is due.

These Interrogatories and Requests to Produce are submitted pursuant to the Pennsylvania Rules of Civil Procedure and the information sought must be given under oath, whether secured by you, your agent, representative or attorney or any person who has made this knowledge known to you or from whom you can get this knowledge and who is competent to testify to the facts stated; the answers must be served upon the undersigned Plaintiff, within thirty (30) days from the date that these Interrogatories are served upon you. These Interrogatories shall be deemed continuing; supplemental answers are required to be served immediately upon your receipt, directly or indirectly, of further or different, information from the answers originally served pursuant thereto until the time of trial.

### Definitions

As used herein, the word "document" or "record" shall have its customary broad meaning and shall include, without limitation, the following items, whether printed, recorded or reproduced by any other mechanical process or written or produced by hand, and whether or not claimed to be privileged against discovery on any ground: agreements, communications, letters, telegrams, telexes, memoranda, notebooks, summaries or records of telephone conversations and billings, summaries or records of personal conversations or interviews, diaries, calendars, billing records, statistical statements, graphs, correspondence, laboratory and engineering reports and notebooks, manuals, specifications, purchase orders, order acknowledgments, work orders, requests for quotations,

quotations, instructions, charts, plans, drawings, minutes or records of meetings, minutes or records of conferences, expressions or statements of policy, lists of persons attending meetings or conferences, reports and/or summaries of investigations, opinions or reports of consultants, notes, opinions of counsel, records, reports of summaries of negotiations, photographs, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of any documents, original or preliminary notes, marginal comments appearing on any document, stenographic notes, any voice recordings whether on a tape or a record, pleadings, time sheets and/or other records of work performed on behalf of clients.

When the **identification of any document or record is requested**, you are to state the following: (1) the type of document (e.g., letter, telex, email, etc.); (2) date; (3) the identity of the author addressor; (4) the identity of the addressee; (5) the identity of the recipient of all copies; (6) the present location of the documents; (7) the identity of the person presently in custody, control or possession thereof; (8) a summary of its contents; (9) whether you will produce it for inspection and a copy.  In lieu of such identification, you may furnish such documents for inspection and copying at the time you file your answers to these Interrogatories.

In lieu of the foregoing, you may identify a document by attaching a copy of the document or record to your Answers to Interrogatories and labeling/marking the same with its respective Interrogatory number.

When the **identification of any person** is requested herein, give the following: (1) the name, (2) job title; (3) current address; (4) current telephone number; (5) employer, if any; (6) employer's current address; (7) employer's current telephone number.

"Possession or Control" shall mean in the possession or control of Defendant and/or its agents, attorneys, or from any other person from whom they might obtain the requested information and documents.

When requested to identify an incident, fact, circumstance or the factual basis for any answer, identify each occurrence, incident and fact upon which reliance will be based at any trial or hearing of this action to support such answer, including:

The date thereof.

The place thereof.

The substance and detail of each occurrence, incident or fact.

The identification of each person who participated therein or has

knowledge thereof.

The identification of each person present.

The source of your knowledge thereof.

The identification of any document supporting such answer.

When requested to **identify a conversation**, state the date and place thereof, the names of all persons present, the device by which the conversation was accomplished, if not in person (i.e., a telephone), and the substance of the conversation.

**The word "any"** shall include the collective as well as the singular and shall mean "each," "all" and "every" and these terms shall be interchangeable. As used herein, the singular shall be deemed to include the plural and the plural shall be deemed to include the singular.  Words of one gender shall be deemed to include words of all genders, including the neuter.

"Between" means that when a request is made for information related to an occurrence "between" two dates the request seeks information for the period including the years or dates designated.

"Objections".   In the event any Interrogatory, in whole or in part, is objected to, please state the legal basis, including, but not limited to, any legal objections or privilege (produce the privilege log), for withholding the information sought.

"Defendant" "you" and "your" shall mean **United Power Consultants, Inc.** and/or any of its employees, representatives, agents, accountants/investigators, attorneys, subsidiaries, lessees, sureties and/or any other person, firm, corporation or governmental body which is in possession of such information in the Interrogatory or which may have obtained information for them on their behalf.

"SAN" means Subscription Account Number which is a license number given the FCC to scrub consumer data against the national do not call registry/list.
"TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. 227 et seq., with all amendments.
"FCC" means the Federal Communications Commission.
"ATDS" refers to Automatic Telephone Dialing Systems as defined by the TCPA and FCC.
"DNC" means "Do-Not-Call" and refers to the national registry/list maintained by the federal government which consumers who do not want unsolicited telemarketing calls may register, and which telemarketers are

required to cross verify numbers it intends to call on a monthly basis.

"Internal" DNC refers to private and internal lists which telemarketers are required to maintain within their business and update internally when consumers request them to stop calling.

"SAN scrub" means the process of removing numbers from telemarketing call lists that appear on the most recent national do-not-call list.

"DBA" means "doing business as" or a name of your business that you use and communicate to your customers or prospective customers that might differ from the corporate name.

"CRM program" means your customer relationship management program used in capturing and maintaining client information and sales notes.

"CL programmer" means Control Language that is used to program IBM based servers namely PBX servers.

"PBX server" means a telephone main switchboard system that acts as a router for all phone calls both inbound and outbound.

"Virtual PBX VOIP (voice over internet protocol) system" means a digital based PBX based system that shares the same functionality.

"VOIP gateway" means voice over internet protocol gateway system that allows the conversion of analog telephone audio signal to digital binary.

"IVR system" means interactive voice recording system used as prerecorded phone greetings typically used in interacting consumers in volume with no human intervention.

"Automated dialer(s)" means telephone equipment that has the capacity to store or produce telephone numbers to be called using a random or sequential number generator and/or dialing calls without human intervention.

"Predictive dialer" means software that allows a party to initiate phone calls while telemarketers are talking to other consumers and includes a telephone control system that automatically calls a list of telephone numbers in sequence, screening out no-answers, busy signals, answering machines and disconnected numbers while predicting at what point a human caller will be able to handle the next call.

"Automatic · telephone dialing system(s)" (ATDS) means telephone equipment that has the capacity to store or produce telephone numbers to be called using a random or sequential number generator and/or dialing calls without human intervention.

"Cloud based" means a remote server in which a program or data can be stored and accessed via the internet.

"Established Business Relationship" means a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a residential subscriber with or without an exchange of consideration, on the basis of the subscriber's purchase or transaction with the entity within the eighteen (18) months immediately preceding the date of the telephone call or on the basis of the subscriber's inquiry or application regarding products or services offered by the entity within the three months immediately preceding the date of the call, which relationship has not been previously terminated by either party.

"Telephone solicitation" means a telephone call or message initiated by

you for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

"Plaintiff's telephone number(s)" means Plaintiff's cellular number(s) 570-658-3448

## Interrogatories

For each individual person, officer, employee, agent, or other entity answering or providing any information used by Defendant, Defendant is required to provide all of the following:

First, last, and middle legal name,

All DBA, fake, or alias name(s) used by this person,

Job title, position with Defendant or capacity on behalf of Defendant,

Business address and telephone number,

Home address and telephone number,

Age,

ANSWER:

1. Please state whether the name of the Defendant is properly set forth in the caption and if not please state the legal name as well as the address of any additional defendant business which is liable for the acts alleged in the complaint and /or which owns the assumed name of the business defendant named in the caption.
ANSWER:

2.  State the name, most current home address, title, and job description of each person (including present or former officers and/or employees) who were involved with any telephone call which Defendant made to the Plaintiff or in connection with the Plaintiff.
ANSWER:

3.  Identify all machines by make, model, supporting systems including the hardware and software that were used to make any telephone call in connection with Plaintiff including but not limited to, Plaintiff's telephone number(s) described in Paragraph #33 of definitions above.
ANSWER:

4. State the name, employer, most current home address, title and job description of each person (including present or former third parties, officers and/or employees) who is responsible for creating, maintaining and monitoring the Defendant's telephony systems and operations, and state specifically what that person's duties are with respect to his position.
ANSWER:

5. Explain in detail how Defendant obtained Plaintiff's phone number(s).
ANSWER:

Identify and provide a detailed description explaining all of Defendant's policies, practices and procedures regarding the use of Defendant's telephone systems including but not limited to Defendant's ATDS and the complete history of each including the date it was first considered, the date it was implemented, all persons involved in its consideration, development, implementation and, if applicable, termination, for the past five years.
ANSWER:

6.   Identify and explain all policies, practices and procedures regarding calls made by Defendant to cellular telephones and the complete history of each. Please include a detailed description of the policy, practices or procedures including the date it was first considered, the date it was implemented, all persons involved in its consideration, development, implementation and, if applicable, termination for the past five years.
ANSWER:

7.   Identify and explain all policies, practices and procedures regarding calls made by Defendant to wireline telephones and the complete history of each. Please include a detailed description of the policy, practices or procedures including the date it was first considered, the date it was implemented, all persons involved in its consideration, development, implementation and, if applicable, termination for the past five years.
ANSWER:

8.   Describe all document destruction and retention policies of Defendant.
ANSWER:

9.  State whether you have ever taken any measures or action in attempting to identify whether any telephone number to be called by Defendant was a cellular telephone number. If so, please identify with specificity what measure(s) or actions you took, who took the measure(s) or actions, any third party involved, why the measure or action was taken and what resulted from the measures or actions. If no action was taken, please explain why not.
ANSWER:

10.  State whether you have ever taken any measures or action in attempting to identify whether Plaintiff's telephone number was registered on the national DNC. If so, please identify with specificity what measure(s) or actions you took, who took the measure(s) or actions, any third party involved, why the measure or action was taken and what resulted from the measures or actions. If no action was taken, please explain why not.
ANSWER:

11.  State what Defendant's policies and procedures are regarding any measures and action which Defendant takes to verify phone numbers which it intends to call are not registered on the national DNC.

ANSWER:

12.  State whether you have ever taken any measures or action in attempting to identify whether any telephone number to be called by Defendant was registered on its own internal DNC. If so, please identify with specificity what measure(s) or actions you took, who took the measure(s) or actions, any third party involved, why the measure or action was taken and what resulted from the measures or actions. If no action was taken, please explain why not.

ANSWER:

13.   Please provide names of all sales associates/telemarketers involved with calling the Plaintiff:

Date of birth;

Prior work experience;

Business address of the call center from where the call originated,

Address of the location where the sales associate was physically located during the call,

How long with the company.
ANSWER:

14.  Provide the company's SAN number:
ANSWER:

15.  Provide the last six dates of the Defendant's most recent update/SAN scrubs made with the national DNC:
ANSWER:

16.  Provide the last six dates of the Defendant's most recent update/SAN scrub made with the Defendant's internal DNC:
ANSWER:

17.  Provide the company's TAX ID number:
ANSWER:

18.  Provide the company's list of DBA names:
ANSWER:

19.   Provide a line by line description and explanation of all activity which Defendant recorded in computer screen shots and electronic notes taken by your sales associates during any communications with the plaintiff or which in any way reference the Plaintiff and include all dates and times:
ANSWER:

20.   Describe the manner/process in which Defendant contacts prospect/marketing leads from the Defendant's first point of contact with the prospect/marketing leads:
ANSWER:

21.   State the name of your company's CRM program used to document, organize and track potential prospect/marketing leads:
ANSWER:

22.   If Defendant does not use a CRM program then please identify the software program its uses and describe how call notes to and from prospect/marketing leads are documented.
ANSWER:

23.   Please describe how potential prospects/leads are generated within Defendant's company:
ANSWER:

24.   Provide names, addresses and telephone numbers of  all outsourced/Third party lead companies which Defendant uses to generate marketing leads/prospects for your company:
ANSWER:

25.  State the manner in which Defendant secures authorization/written consent to call prospect/marketing leads:
ANSWER:

26.  State whether or not, Defendant uses "automated dialers" and/or "predictive dialers" to contact prospect/marketing leads:
ANSWER:

27.  Identify by make and model which equipment and software Defendant uses to make up its "automated dialers" and/or "predictive dialers" to contact prospect/marketing leads:
ANSWER:

28.  Does Defendant use telephone equipment which has the capacity to store or produce pre-determined,  random or sequential telephone numbers and or to dial such numbers to contact marketing leads/ prospects:
ANSWER:

29.  Does Defendant use telephone equipment which requires its employees to manually dial prospective marketing lead phone numbers:
ANSWER:

30.  Did the Defendant use telephone equipment which required its employees to manually dial prospective marketing lead phone numbers at the time Defendant placed calls to the Plaintiff:
ANSWER:

31.  Did the Defendant, by and through its employees and/or agents manually dial phone calls to the Plaintiff:
ANSWER:

32.  What is Defendant's abandonment and withdraw rates associated with Defendant's automated dialing system and unanswered calls by its telemarketers after the consumer / subscriber picks up:
ANSWER:

**33. How many telemarketer sales associates does the Defendant employ:**
**ANSWER:**

**34.  How many clerical employees  does the Defendant employ:**
**ANSWER:**

35.   Does the defendant employ Telecommuters (employees who engage in telemarketing calls from home):
ANSWER:

36.   How many telecommuters does the defendant employ:
ANSWER:

37.  How many separate business locations/call centers does the Defendant use for its telemarketing/sales operations:
ANSWER:

38.  Provide the city, state, street address and zip code for all of Defendant's call centers:
ANSWER:

39.  Please state your sales manager(s) names of the call centers you mentioned above:
ANSWER:

40.   How many sales associates work for your company in each call center location:
ANSWER:

**41.  Has Defendant ever used ATDS and/or predictive dialers, if so, please state when and where:**
ANSWER:

**42.  Please state all internet service providers currently used by Defendant:**
ANSWER:

**43.  Please state all internet service providers used by Defendant in the past five years:**
**ANSWER:**

**44. Please state the names and positions of all your employees that work in your IT department and what their roles and responsibilities are:**
**ANSWER:**

45. Please state your web developer's company name, address, and telephone number if Defendant's website was developed by a third party outsourced company:
ANSWER:

46. If Defendant's website was developed in house please state the names of all CL programmers:
ANSWER:

47.  Please provide the name of your control panel back office program that is used for your website:
ANSWER:

48.  Describe the process and the transition flow of how a marketing lead is initially inputted into Defendant's website and how that information flows to the telemarketing sales associate's station.
ANSWER:

49.   Explain the Defendant's process and procedure for verifying that all the telephone numbers obtained through its website were inputted  accurately :
ANSWER:

50.   Explain the Defendant's process and procedure for verifying that all the telephone numbers obtained through its website are not registered with the national do not call list:
ANSWER:

**51.** Please state if your company uses a PBX Server: If so, please state the name and model number:
ANSWER:

**52.** Please state if your PBX server is in-house, Cloud based, or maintained by a third party service provider:
ANSWER:

**53.  Please state if Defendant uses a VoIP Gateway. If so, please state the name and model number:**
**ANSWER:**

**54.  Please state whether the Defendant is currently using or has ever used an IVR system. If so, please state the name and model number and the dates of use:**
**ANSWER:**

55.  Please state whether the  Defendant is currently using or has ever used an X-Lite: If so, please state the name and model number:
ANSWER:

56.  Please state if Defendant is currently using or has ever used a Silverlight: If so, please state the name and model number:
ANSWER:

**57.** What back up system does Defendant use for storing telemarketing note files?

For Defendant's Server:

For Defendant's filing cabinet:
ANSWER:

58.   Please state if Defendant ever used any other Virtual VoIP system: If so, please state the name and model number:
ANSWER:

59.   Please state if Defendant ever received any judgments against its company: If so, please state them along with date, reason for judgment and amount of the judgment.
ANSWER:

60.   Identify each document referred to or consulted by Defendant in the preparation of the Answers to these Interrogatories and discovery requests made within this entire document.
ANSWER:

61.   Identify all persons known to Defendant to have personal knowledge of any facts or issues involved in this lawsuit, state the following:

First, last, and middle legal name;

All DBAs, fake, or alias name(s) used by this person;

Job title or capacity;

Business address and telephone number;

Home address and telephone number;

Age;
ANSWER:

62.  Identify and describe with particularity all training that Defendant provides or receives, in the area of telemarketing calls activities, including but not limited to:

The training content, timing, and duration;

All documents and audio or visual materials used in such training; and

Each person involved in providing such training.

Identify and describe all documents, manuals, instructions, checklists, memorandum, restrictions or other documentation or instructions that Defendant is given, read, review, or otherwise use, regarding the business of making telemarketing calls.
ANSWER:

63.  Identify and describe Defendant's disciplinary policy/policies for violating state and federal telemarketing call laws, and for violating other state or federal laws in the course of making telemarketing calls of any kind.
ANSWER:

64.   Identify and describe any and all documents that describe, record, or establish Defendant's methods and techniques used to make telemarketing calls.
ANSWER:

65.   Identify and describe fully any and all computerized, mechanical, manual, or other system(s) that Defendants use, maintain, or operate to record any and all mail, telephone, in-person, or other forms of communications, or attempted communications, with persons or other third parties (including vendors supplying information on plaintiff / consumers) in connection with its telemarketing business, and Defendants' policies and procedures for operating such a system of records.
ANSWER:

66. Identify whether Defendant electronically records, or tape records, telephone calls by any means with any persons from whom they are speaking with on a telemarketing call, and what steps are taken to preserve these recordings, identifying specifically whether or not any or all of the Defendants recorded any telephone call with the Plaintiff and whether or not these recordings have been preserved, and the current location and/or disposition of these recordings.
ANSWER:

67. In the form of a chronology, identify and describe in detail and with particularity, the process, events, and circumstances under which the Plaintiff's telephone number(s) was obtained, referred, placed or otherwise assigned to the Defendants, identifying all documents relevant to, related to, or reflecting such referral, placement or assignment.
ANSWER:

68.  State the name, address, telephone number, title, place of employment and field of expertise of each person whom Defendants intend to call as an expert witness at a trial of this case, identifying:

The subject matter on which the expert is expected to testify;

The substance of the facts and opinions to which the expert is expected to testify;

A summary of the grounds for each opinion the expert is expected to testify; and

All documents, treatises, books, studies, or other materials upon which the expert may rely for information or support of facts and opinions.

The expert's current curriculum vitae or résumé.
ANSWER:

69.  Identify by name, position, home address, home telephone number, business address, business telephone number, all witnesses that Defendants intend to call or may call to testify at trial, and provide a detailed summary of the expected testimony of each such person.
ANSWER:

70.  Identify the business name, address, and telephone number of all persons, companies, corporations, or other entities who provided local or long distance telephone services of any kind to Defendants' business, as well as identifying the telephone numbers and account numbers for each such local and long distance service provider, for a period of five (5) YEARS before the date of this request to the present, including all local or long distance telephone number used by Defendants in the collection of Plaintiff's account, for a period of five (5) YEARS before the date of this request to the present.

ANSWER:

71.  Identify the business name, address, and telephone number of all persons, companies, corporations, or other entities who provided predictive dialing, auto-dialing, robotic-dialing, automated-messaging, text-messaging, emailing, or similar services of any kind to Defendants' business, as well as identifying the telephone numbers and account numbers for each such service provider, for a period of five (5) YEARS before the date of this request to the present.

ANSWER:

72.   Identify all documents, reports, spreadsheets, or other data of any kind summarizing, detailing, or tracking the telephone number, quantity, frequency, date, time and/or instance of any attempt by Defendant(s) to contact Plaintiff(s) by telephone or otherwise, along with the physical location and identify and telephone number of the custodian of such records, regardless of whether or not such attempted or successful contact was initiated by Defendant(s) or other service providers.
ANSWER:

73.   Identify the business name, address, and telephone number of all persons, companies, corporations, or other entities who provided skip-tracing, location, or similar services of any kind to Defendants' business, as well as identifying the telephone numbers and account numbers for each such service provider, for a period of five (5) YEARS before the date of this request to the present.
ANSWER:

74.   Identify each document referred to or consulted by Defendant in the preparation of the Answers to these Interrogatories and discovery requests made within this entire document.
ANSWER:

75.   Identify the full legal name, driver license number, last known address, telephone number, position, and title of all current and former employees of Defendants who were in anyway involved in the Defendant's telemarketing calls to Plaintiff  for a period of five (5) before the date of this request through the present.
ANSWER:

76.   Identify all lawsuits and other legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, Better Business Bureau, Commerce Department, or other regulatory complaints brought against Defendants at any time arising out its telemarketing activities, and for any reason, in the period five (5) before the date of this request to the present, by supplying the correct legal caption, the court file number, the jurisdiction, the date of filing, and the final disposition or current status, the name(s) of the complaining party, the file number, the jurisdiction, the date of filing, and the final disposition or current status of the claim, complaint or proceeding.
ANSWER:

77.   Name and describe all duties of managing officers, employees and agents responsible for the corporate Defendant's TCPA compliance policies and procedures including procedures in place for addressing consumer's revocation of consent to call consumer's phone number from Defendant's in house ATDS and/or the defendant's third party auto dialer vendor.
ANSWER:

78.  Identify what insurance policies and dollar amounts are available to insure the incidents alleged in the complaint.
ANSWER:

Dated:  May 16, 2017

By: Robert D. Kline, J.D. - Plaintiff
2256 Fairview Road
McClure, PA 17841
570-658-3448

# VERIFICATION

I, _____am answering for the defendant United Power Consultants, Inc. in the above captioned action and hereby verify that the statements made in response to Plaintiff's First Set of Interrogatories Directed to Defendant United Power Consultants, Inc. are true and correct to the best of my knowledge, information and belief.

I understand that false statements made herein are subject to the penalties of 18 Pa. C.S 4904 relating to  unsworn falsification to authorities.


_____
Answering for Defendant
United Power Consultants, Inc.

Current address        _____


                       _____

Current phone number   _____

Robert D. Kline, J. D.                )   IN THE COURT OF COMMON
                                      )   PLEAS, SNYDER COUNTY, PA
                                      )   CIVIL ACTION - LAW
                                      )   NO. CV – 588 - 2016
              PLAINTIFF               )
    V.                                )
                                      )
                                      )
United Power Consultants, Inc.,       )
George Sarafianos & Cameron Weiss     )
                                      )
              DEFENDANTS              )


## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS ADDRESSED TO DEFENDANT GEORGE SARAFIANOS


Plaintiff, Robert D. Kline, J. D., hereby requests that Defendant **GEORGE SARAFIANOS** respond to the following document requests. Documents should be copied and sent to Plaintiff on the date the response is due.


# Instructions


Throughout this request:

Unless otherwise specified in a particular paragraph, the time period covered by this request is the last four years.

If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed.

If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

If any paragraph of this request is believed to be ambiguous or unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.

# Definitions

"Defendant," "you" or "your" means the answering party and his/its agents, representatives and all other persons acting or purporting to act on his/its behalf. Whenever relevant, words in the singular shall include the plural thereof.

"Document" or "documents" means any and all records, and written, graphic, or visual materials, of any kind or character, and shall include, without limitation, correspondence, memoranda, notes, cards, files, bills, invoices, calendars, diaries, time sheets, billing records, proposals, work orders, work tickets, computer printouts, source material or data compilations of information stored in or on computer disks, tapes or CD ROM, e-mail, minutes, studies, notes, telephone or other conversations, telegrams, pamphlets, books, tapes, discs, diskettes, cassettes, recordings, summaries, diagrams, charts, reports or records, and any non-identical copies thereof that are in your possession, subject to your control or known by you to exist or to have existed.

If any document is no longer in existence or is no longer in your possession, custody, or control, state what disposition was made of it, the reason or reasons for such disposition, and the date of the disposition.

If you contend that any document sought in this document request is exempt from discovery because it falls within the attorney/client privilege, it was prepared in anticipation of litigation or in preparation for trial, or it is so exempted by any other privilege or protection, you are to provide the following information in each such instance in lieu of providing the document sought:  the privilege or protection which you contend applies; the form in which the information is contained (e.g., document, recollection of Defendant); if the information is contained in a document, the author, the recipient, the date of the document; if the information is not contained in the document, the persons involved in and the date of that communication giving rise to the privilege or protection that you claim; and the subject matter of the information that you contend is privileged or protected from discovery.

"Person" means and includes natural persons, corporations, partnerships, joint ventures, sole proprietorships, associations, trusts, estates, firms and any other entity.  Any reference to a specifically named person, corporation or other entity and any reference generally to "person" shall include the employees, agents, representatives and other person acting on his/her behalf or through whom that person acts.

1

## Requests for Production of Documents

Please produce:

1. All documents relating to plaintiff, ROBERT D. KLINE or which are indexed, filed or retrievable under Plaintiff's name, telephone number, or any number, symbol, designation or code (such as an account number or Social Security number) assigned to Plaintiff.

2. All screen shots and electronic notes taken by your sales associates during any communications with the plaintiff or which in any way reference the Plaintiff

3. All documents transmitted to Plaintiff. Please include the formatting for any letter or document which you sent but for which you do not have a precise copy.

4. All contracts or manuals regarding the telephone and communications systems used to call Plaintiff.

5. Provide any and all documents, data or things that show the Plaintiff's express consent to receive telephone calls on a cellular telephone, or to receive calls on their cellular phone through use of an automatic telephone dialing system or a system that has the capacity to autodial.

6. All records of outgoing calls which Defendant made to Plaintiff's wireless or wireline phone(s) for the past five years.

7. All records of outgoing text messages which Defendant made to Plaintiff's wireless or wireline phone(s) for the past five years.

8. Please do a manual and computer search for the past five years for all documents, emails or things in your possession that mention the following specific terms:

A. Telephone Consumer Protection Act;
B. TCPA;
C. Auto-dialer;
D. Auto within 5 words of dial;

9. All manuals, communications and other documents relating to telephony hardware, software and other telephone equipment used to call Plaintiff.

I

10. All invoices over the past five years for telephony equipment or software, including but not limited to automatic telephone dialing systems.

11. All sales literature for telephony equipment or software used by Defendant over the past five years, including but not limited to automatic dialing systems.

12. All contracts, agreements, manuals, and communications with third parties concerning Defendant's telephony systems and dialing telephone calls over the past five years.

13. All documents that discuss or relate to policies, practices or procedures associated with making telephone calls to marketing leads/prospects cellular phones, including but not limited to use of an automatic telephone dialing systems.

14. All manuals, memoranda, instructions and other documents which discuss describe or set forth standards, criteria, guidelines, policies or practices relating to the Telephone Consumer Protection Act as they relate to Defendant making telephone calls.

15. All manuals, memoranda, emails, data, instructions, and other documents setting forth defendant's policies, procedures or practices relating to its sales and telemarketing business by means of telephone calls, including but not limited to the use of automatic telephone dialing systems.

16. All documents from any third party that concern Defendant's making telephone calls to marketing prospect/lead's cellular phones, including but not limited to flyers, publications, emails, audio files and presentations.

17. All documents from any source used by Defendant that concern the legality or propriety of making telephone sales calls to marketing prospect/lead's wireless and wireline phones.

18. All documents relating to any judicial or administrative proceeding (irrespective of date) in which Defendant was accused of violating the Telephone Consumer Protection Act, any state statute regulating telemarketing sales practices, or of committing a tort while engaging in telemarketing activities, where the accusation concerns telephone calls to wireless and/or wireline phones.

19. All documents (irrespective of date) relating to any claim made against defendant for violating the Telephone Consumer Protection Act, any state statute regulating telemarketing practices, or of committing a tort while engaging in telephone calls to wireless or wireline phones.

20. All documents (irrespective of date) which constitute or reflect communications between defendant and public or private agencies that receive consumer complaints (such as an Attorney General's office, the Federal Trade Commission, a Better Business Bureau or newspaper column), relating to telephone calls to wireless or wireline phones.

21. All documents (irrespective of date) that discuss Defendant's compliance or lack of compliance with the Telephone Consumer Protection Act.

22. All organizational charts of Defendant for the department that contacted Plaintiff or the departments responsible for purchasing or maintaining the communications system that was used to call Plaintiff.

1

23. All documents concerning or relating to any effort, ever, by Defendant to determine a process, policy or practice whereby Defendant could determine whether a telephone number is or was a cellular telephone number.

24. All documents concerning or relating to any effort, ever, by Defendant to determine a process, policy or practice whereby Defendant could determine whether a telephone number is or was a wireline telephone number.

25. All documents concerning or relating to any effort, ever, by Defendant to determine a process, policy or practice whereby Defendant could comply with the TCPA.

26. All documents concerning or relating to any effort, ever, by Defendant to determine a process, policy or practice whereby Defendant could comply with the TCPA's provisions concerning the national DNC.

27. All insurance policies that could possibly afford coverage with respect to the matters complained of in this case together with all correspondence accepting or declining coverage or reserving rights with respect thereto.

28. All statistics, studies and/or reports in Defendant's possession concerning the use of telephony and/or the use of automatic telephone dialing systems or system with the capacity to autodial.

29. All documents relating to the maintenance by defendant of policies, practices or procedures adapted to avoid calling persons who did not consent, or revoked consent, to be called on their cellular telephones.

30. All documents relating to the maintenance by defendant of policies, practices or procedures adapted to avoid calling persons who have registered their phone numbers on the national DNC.

31. Defendant's entire file, including any documents or data that show Plaintiff's consent to receive calls on his/her cellular telephone.

32. Any and all documents identified in Defendant's response to all sets of Plaintiff's Interrogatories, Request for Admissions, and Requests for Statements. Documents summarizing, describing, instructing, detailing, or otherwise training any and all of Defendant's employees in any and all of the following areas:

A. Defendant's telemarketing policies;

B. Defendant's telemarketing procedures;

C. Defendant's telemarketing methods;

D. Defendant's telemarketing techniques;

E. Defendant's telemarketing tactics;

F. Defendant's telemarketing rules;

G. Defendant's compliance with the federal and state laws which Plaintiff alleges Defendant violated in this case;

D. Defendant's internal telemarketing regulations; and

E. Defendant's compliance with local, state, or federal laws, codes, or regulations.

33. Any and all training, personnel, or other instruction manuals used by any and all telephone sales personnel who are employed by or supervised by Defendants.

34. Any and all telemarketing software manuals and/or instruction guides for each and every computer system, software package, software system, telephone

system, electronic device, or non-electronic device used in any manner by Defendants in making telemarketing calls.

35. Any and all documents in the possession or control of the Defendant that any Defendant claims are in any way relevant to the subject matter of the instant lawsuit.

36. Copies of all contracts between Defendant and third party skip tracing and auto-dialer vendors.

37. Any and all documents recording, documenting, or otherwise tracking Defendants' attempts to call Plaintiff, including but not limited to:

A. Records of all inbound or outbound telephone calls, to or from any Plaintiff;

B. Records of all inbound or outbound United States mail, to or from any Plaintiff.

C. Records of all other inbound or outbound communication of whatever kind, to or from any Plaintiff.

E. Records of all other inbound or outbound communication of whatever kind, to or from any Plaintiff from third party auto-dialer vendors.

F. Any and all printouts computer, mechanical, electronic, screen shots or other reports printed, prepared, or otherwise created using any computer system, software package, software system, or other electronic or non-electronic device used in any manner by Defendant in placing telemarketing calls to Plaintiff, which include any Plaintiff's name, address, telephone number(s), account number, or any other information which is personally identifiable and related to any Plaintiff. PLEASE PRODUCE THESE ITEMS IN THEIR NATIVE, READABLE, ELECTRONIC, AND SEARCHABLE FORMAT.

38. Produce any and all documentation and information regarding the Plaintiff received by the Defendant from its third party auto dialer vendors, in both printed and as electronically received and stored.

39. Produce all contracts and amendments thereto between the Defendant and its third party auto dialer vendors, in both printed and as electronically received and stored.

40. Produce any and all letters, memos, notes, or documents generated and/or received by Defendant regarding any and all calls made to Plaintiff.

41. Produce any and all DOCUMENTS that reflect any disciplinary violations issued by Defendant in connection with Defendant contacting Plaintiff.

42. Produce any and all documents that support any affirmative or bona fide error defenses asserted by the Defendant or that the acts or omissions which were alleged by the Plaintiff were the result of errors, acts or omissions of Co-Defendants (if applicable) in this matter (or third parties not named in the action), and not as a result of any act, error or omission of Defendant.

43. Produce a plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced above.

44.  Produce the chart of the Defendant's organization of corporate officers and directors including TCPA compliance officers and legal department;
Any and all written procedures in place for removing consumer's cell number from the Defendant's auto-dialer (and/or Defendant's third party auto dialer vendors) after   consumer revokes consent to be called on his or her cell phone or wireline.

45.  Produce all written documents which identify and discuss duties of the managing officer or agent responsible for TCPA policy and compliance.

46.  Produce the declaration and policy contract of any insurance which may be available to cover such incidents as described in the complaint.

Dated:  May 18, 2017

By Robert D. Kline, J.D.
2256 Fairview Road
McClure, PA 17841
570-658-3448

1

| | |
|---|---|
| Robert D. Kline, J. D. | ) IN THE COURT OF COMMON |
| | ) PLEAS, SNYDER COUNTY, PA |
| | ) CIVIL ACTION - LAW |
| | ) NO. CV – 588 - 2016 |
| PLAINTIFF | ) |
| V. | ) |
| | ) |
| | ) |
| United Power Consultants, Inc., | ) |
| George Sarafianos & Cameron Weiss | ) |
| | ) |
| DEFENDANTS | ) |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS AND THINGS ADDRESSED TO
DEFENDANT UNITED POWER CONSULTANTS, INC.**

Plaintiff, Robert D. Kline, J. D., hereby requests that Defendant **UNITED POWER CONSULTANTS, INC.** respond to the following document requests. Documents should be copied and sent to Plaintiff on the date the response is due.

## Instructions

Throughout this request:

Unless otherwise specified in a particular paragraph, the time period covered by this request is the last four years.

If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed.

If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

I

If any paragraph of this request is believed to be ambiguous or unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.

# Definitions

"Defendant," "you" or "your" means the answering party and his/its agents, representatives and all other persons acting or purporting to act on his/its behalf. Whenever relevant, words in the singular shall include the plural thereof.

"Document" or "documents" means any and all records, and written, graphic, or visual materials, of any kind or character, and shall include, without limitation, correspondence, memoranda, notes, cards, files, bills, invoices, calendars, diaries, time sheets, billing records, proposals, work orders, work tickets, computer printouts, source material or data compilations of information stored in or on computer disks, tapes or CD ROM, e-mail, minutes, studies, notes, telephone or other conversations, telegrams, pamphlets, books, tapes, discs, diskettes, cassettes, recordings, summaries, diagrams, charts, reports or records, and any non-identical copies thereof that are in your possession, subject to your control or known by you to exist or to have existed.

If any document is no longer in existence or is no longer in your possession, custody, or control, state what disposition was made of it, the reason or reasons for such disposition, and the date of the disposition.

If you contend that any document sought in this document request is exempt from discovery because it falls within the attorney/client privilege, it was prepared in anticipation of litigation or in preparation for trial, or it is so exempted by any other privilege or protection, you are to provide the following information in each such instance in lieu of providing the document sought:   the privilege or protection which you contend applies; the form in which the information is contained (e.g., document, recollection of Defendant); if the information is contained in a document, the author, the recipient, the date of the document; if the information is not contained in the document, the persons involved in and the date of that communication giving rise to the privilege or protection that you claim; and the subject matter of the information that you contend is privileged or protected from discovery.

"Person" means and includes natural persons, corporations, partnerships, joint ventures, sole proprietorships, associations, trusts, estates, firms and any other entity.  Any reference to a specifically named person, corporation or other entity and any reference generally to "person" shall include the employees, agents, representatives and other person acting on his/her behalf or through whom that person acts.

I

## **Requests for Production of Documents**

Please produce:

1. All documents relating to plaintiff, ROBERT D. KLINE or which are indexed, filed or retrievable under Plaintiff's name, telephone number, or any number, symbol, designation or code (such as an account number or Social Security number) assigned to Plaintiff.

2. All screen shots and electronic notes taken by your sales associates during any communications with the plaintiff or which in any way reference the Plaintiff

3. All documents transmitted to Plaintiff. Please include the formatting for any letter or document which you sent but for which you do not have a precise copy.

4. All contracts or manuals regarding the telephone and communications systems used to call Plaintiff.

5. Provide any and all documents, data or things that show the Plaintiff's express consent to receive telephone calls on a cellular telephone, or to receive calls on their cellular phone through use of an automatic telephone dialing system or a system that has the capacity to autodial.

6. All records of outgoing calls which Defendant made to Plaintiff's wireless or wireline phone(s) for the past five years.

7. All records of outgoing text messages which Defendant made to Plaintiff's wireless or wireline phone(s) for the past five years.

8. Please do a manual and computer search for the past five years for all documents, emails or things in your possession that mention the following specific terms:

    A. Telephone Consumer Protection Act;
    B. TCPA;
    C. Auto-dialer;
    D. Auto within 5 words of dial;

9. All manuals, communications and other documents relating to telephony hardware, software and other telephone equipment used to call Plaintiff.

10. All invoices over the past five years for telephony equipment or software, including but not limited to automatic telephone dialing systems.

11. All sales literature for telephony equipment or software used by Defendant over the past five years, including but not limited to automatic dialing systems.

12. All contracts, agreements, manuals, and communications with third parties concerning Defendant's telephony systems and dialing telephone calls over the past five years.

13. All documents that discuss or relate to policies, practices or procedures associated with making telephone calls to marketing leads/prospects cellular phones, including but not limited to use of an automatic telephone dialing systems.

14. All manuals, memoranda, instructions and other documents which discuss describe or set forth standards, criteria, guidelines, policies or practices relating to the Telephone Consumer Protection Act as they relate to Defendant making telephone calls.

15. All manuals, memoranda, emails, data, instructions, and other documents setting forth defendant's policies, procedures or practices relating to its sales and telemarketing business by means of telephone calls, including but not limited to the use of automatic telephone dialing systems.

16. All documents from any third party that concern Defendant's making telephone calls to marketing prospect/lead's cellular phones, including but not limited to flyers, publications, emails, audio files and presentations.

17. All documents from any source used by Defendant that concern the legality or propriety of making telephone sales calls to marketing prospect/lead's wireless and wireline phones.

18. All documents relating to any judicial or administrative proceeding (irrespective of date) in which Defendant was accused of violating the Telephone Consumer Protection Act, any state statute regulating telemarketing sales practices, or of committing a tort while engaging in telemarketing activities, where the accusation concerns telephone calls to wireless and/or wireline phones.

19. All documents (irrespective of date) relating to any claim made against defendant for violating the Telephone Consumer Protection Act, any state statute regulating telemarketing practices, or of committing a tort while engaging in telephone calls to wireless or wireline phones.

20. All documents (irrespective of date) which constitute or reflect communications between defendant and public or private agencies that receive consumer complaints (such as an Attorney General's office, the Federal Trade Commission, a Better Business Bureau or newspaper column), relating to telephone calls to wireless or wireline phones.

21. All documents (irrespective of date) that discuss Defendant's compliance or lack of compliance with the Telephone Consumer Protection Act.

22. All organizational charts of Defendant for the department that contacted Plaintiff or the departments responsible for purchasing or maintaining the communications system that was used to call Plaintiff.

1

23. All documents concerning or relating to any effort, ever, by Defendant to determine a process, policy or practice whereby Defendant could determine whether a telephone number is or was a cellular telephone number.

24. All documents concerning or relating to any effort, ever, by Defendant to determine a process, policy or practice whereby Defendant could determine whether a telephone number is or was a wireline telephone number.

25. All documents concerning or relating to any effort, ever, by Defendant to determine a process, policy or practice whereby Defendant could comply with the TCPA.

26. All documents concerning or relating to any effort, ever, by Defendant to determine a process, policy or practice whereby Defendant could comply with the TCPA's provisions concerning the national DNC.

27. All insurance policies that could possibly afford coverage with respect to the matters complained of in this case together with all correspondence accepting or declining coverage or reserving rights with respect thereto.

28. All statistics, studies and/or reports in Defendant's possession concerning the use of telephony and/or the use of automatic telephone dialing systems or system with the capacity to autodial.

29. All documents relating to the maintenance by defendant of policies, practices or procedures adapted to avoid calling persons who did not consent, or revoked consent, to be called on their cellular telephones.

30. All documents relating to the maintenance by defendant of policies, practices or procedures adapted to avoid calling persons who have registered their phone numbers on the national DNC.

31. Defendant's entire file, including any documents or data that show Plaintiff's consent to receive calls on his/her cellular telephone.

32. Any and all documents identified in Defendant's response to all sets of Plaintiff's Interrogatories, Request for Admissions, and Requests for Statements. Documents summarizing, describing, instructing, detailing, or otherwise training any and all of Defendant's employees in any and all of the following areas:

A. Defendant's telemarketing policies;

B. Defendant's telemarketing procedures;

C. Defendant's telemarketing methods;

D. Defendant's telemarketing techniques;

E. Defendant's telemarketing tactics;

F. Defendant's telemarketing rules;

G. Defendant's compliance with the federal and state laws which Plaintiff alleges Defendant violated in this case;

D. Defendant's internal telemarketing regulations; and

E. Defendant's compliance with local, state, or federal laws, codes, or regulations.

33. Any and all training, personnel, or other instruction manuals used by any and all telephone sales personnel who are employed by or supervised by Defendants.

34. Any and all telemarketing software manuals and/or instruction guides for each and every computer system, software package, software system, telephone

system, electronic device, or non-electronic device used in any manner by Defendants in making telemarketing calls.

35. Any and all documents in the possession or control of the Defendant that any Defendant claims are in any way relevant to the subject matter of the instant lawsuit.

36. Copies of all contracts between Defendant and third party skip tracing and auto-dialer vendors.

37. Any and all documents recording, documenting, or otherwise tracking Defendants' attempts to call Plaintiff, including but not limited to:

A. Records of all inbound or outbound telephone calls, to or from any Plaintiff;

B. Records of all inbound or outbound United States mail, to or from any Plaintiff.

C. Records of all other inbound or outbound communication of whatever kind, to or from any Plaintiff.

E. Records of all other inbound or outbound communication of whatever kind, to or from any Plaintiff from third party auto-dialer vendors.

F. Any and all printouts computer, mechanical, electronic, screen shots or other reports printed, prepared, or otherwise created using any computer system, software package, software system, or other electronic or non-electronic device used in any manner by Defendant in placing telemarketing calls to Plaintiff, which include any Plaintiff's name, address, telephone number(s), account number, or any other information which is personally identifiable and related to any Plaintiff. PLEASE PRODUCE THESE ITEMS IN THEIR NATIVE, READABLE, ELECTRONIC, AND SEARCHABLE FORMAT.

38. Produce any and all documentation and information regarding the Plaintiff received by the Defendant from its third party auto dialer vendors, in both printed and as electronically received and stored.

39. Produce all contracts and amendments thereto between the Defendant and its third party auto dialer vendors, in both printed and as electronically received and stored.

40. Produce any and all letters, memos, notes, or documents generated and/or received by Defendant regarding any and all calls made to Plaintiff.

41. Produce any and all DOCUMENTS that reflect any disciplinary violations issued by Defendant in connection with Defendant contacting Plaintiff.

42. Produce any and all documents that support any affirmative or bona fide error defenses asserted by the Defendant or that the acts or omissions which were alleged by the Plaintiff were the result of errors, acts or omissions of Co-Defendants (if applicable) in this matter (or third parties not named in the action), and not as a result of any act, error or omission of Defendant.

43. Produce a plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced above.

I

44.   Produce the chart of the Defendant's organization of corporate officers and directors including TCPA compliance officers and legal department;
Any and all written procedures in place for removing consumer's cell number from the Defendant's auto-dialer (and/or Defendant's third party auto dialer vendors) after   consumer revokes consent to be called on his or her cell phone or wireline.

45.   Produce all written documents which identify and discuss duties of the managing officer or agent responsible for TCPA policy and compliance.

46.   Produce the declaration and policy contract of any insurance which may be available to cover such incidents as described in the complaint.

Dated:  May 18, 2017

By Robert D. Kline, J.D.
2256 Fairview Road
McClure, PA 17841
570-658-3448

1